# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0555V
### UNPUBLISHED

RUSSELL PEARCE,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: August 21, 2020

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Tetanus Diphtheria acellular
Pertussis (Tdap) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On April 15, 2019, Russell Pearce filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by the tetanus, diphtheria, acellular pertussis ("tdap") vaccine on September 27, 2017. Petition at ¶¶ 2, 12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 17, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On August 20, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $61,373.62, representing $60,000.00 for his pain and suffering and $1,373.62 for his past out of pocket

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

medical expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $61,373.62, representing $60,000.00 for his pain and suffering and $1,373.62 for his actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

RUSSELL PEARCE,

        Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

No. 19-555V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.    Items of Compensation

On July 16, 2020, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. The Chief Special Master issued a Ruling on Entitlement on July 17, 2020, finding that petitioner was entitled to vaccine compensation for his right-sided shoulder injury related to vaccine administration ("SIRVA"). Based upon the evidence of record, respondent proffers that petitioner should be awarded $61,373.62. The award is comprised of the following: $60,000.00 for pain and suffering and $1,373.62 for past out of pocket medical expenses. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$61,373.62**, in the form of a check payable to petitioner.[1] Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Traci R. Patton
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:  (202) 353-1589

Dated:  August 20, 2020